(158 App. Div. 607.)

In re WILSON.

(Supreme Court, Appellate Division, Second Department.   October 10, 1913.)

ATTORNEY AND CLIENT (§ 48*)—INVESTIGATION OF CHARGES—APPOINTMENT OF
    COMMITTEE.

    Under Judiciary Law (Consol. Laws 1909, c. 30) § 88, subd. 2, as
amended by Laws 1912, c. 253, § 2, authorizing the Appellate Division to
censure, suspend, or remove from practice any attorney, where an attor-
ney moves to investigate the truth of charges or insinuations in the opin-
ion of a justice of the Supreme Court, as to his conduct of a litigation,
the Appellate Division will appoint members of the bar to prepare
charges in the premises and report them to the court for its action.

    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 64,
65, 68;  Dec. Dig. § 48.*]

Motion by an attorney relative to alleged reflection upon his pro-
fessional conduct in an opinion of the Supreme Court.   Motion
granted.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and
PUTNAM, JJ.

Robert H. Wilson, of Brooklyn, for the motion.

Stephen C. Baldwin, of Brooklyn, opposed.

PER CURIAM.   This is an application by an attorney and coun-
sellor for inquiry into his own professional conduct of a litigation.
The Judiciary Law provides:

"2. The Supreme Court shall have power and control over attorneys and
counsellors at law, and the Appellate Division of the Supreme Court in each
department is authorized to censure, suspend from practice or remove from
office any attorney and counsellor at law admitted to practice as such who
is guilty of professional misconduct, malpractice, fraud, deceit, crime or mis-
demeanor, or any conduct prejudicial to the administration of justice."

It is our duty, upon presentation of any matter that may or might
require discipline of an attorney and counsellor, to examine it, and,
if we determine that it requires investigation, to cause the institution
of proceedings.   Such proceedings contemplate presentation of charges
to be delivered to the attorney, to whom must be afforded an oppor-
tunity of being heard in his defense.   We think that the subject-mat-
ter justifies such proceedings as are prescribed by the Judiciary Law.
The court designates William N. Dykman, Esq., and Stephen C. Bald-
win, Esq., to prepare charges in the premises, and to report them to
this court for its action.   Any other person who may make known to
this court any information touching the conduct of the attorney and
counsellor in the matter now before us will have his communication
considered and acted upon.   We appreciate and commend the formal
offer of the Brooklyn Bar Association to act or to aid in this matter,
but we do not now avail ourselves of its offer, as the petitioner is an
officer thereof.

Settle order before the Presiding Justice.

RICH, J., not voting.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes