### In re WILSON.

(Supreme Court, Appellate Division, Second Department. January 23, 1914.)

Courts (§ 204*)—Appellate Division—Jurisdiction.

　　　The Appellate Division has no jurisdiction to scrutinize the judicial opinion or judicial conduct of a judge of the Supreme Court, though it may review on appeal any judicial determination made by him.

　　　[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 499, 504, 619, 758½, 791; Dec. Dig. § 204.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Motion for reargument of motion by Robert H. Wilson, an attorney, relative to alleged reflections upon his professional conduct appearing in the opinion of the Supreme Court. Order previously made in the matter modified.

See, also, 143 N. Y. Supp. 852.

Argued before JENKS, P. J., and THOMAS, RICH, STAPLETON, and PUTNAM, JJ.

John J. Graham, of New York City, for the motion.

Alton B. Parker, of New York City, and Meier Steinbrink, of Brooklyn, opposed.

PER CURIAM. The affidavit of the Honorable Townsend Scudder asks:

"That this court grant a reargument of this matter and either deny the motion or at least modify the order made the 10th day of October, 1913, so that it may be clear that this court is not granting a motion to investigate my opinions but instead is directing an investigation of Mr. Wilson's conduct."

We assume that the Honorable Townsend Scudder appeared in the original motion because a notice thereof was served by Mr. Wilson upon the "Honorable Townsend Scudder, Justice of the Supreme Court." Mr. Wilson moved for "the relief demanded in said petition and affidavits," and in his petition asked this court to "investigate as to the truth of the charges, insinuations, or imputations contained in the opinion of Mr. Justice Scudder in the said case of Seaward v. Tasker [143 N. Y. Supp. 257], and make such order as shall be proper in the premises; and that your petitioner have such other and further relief as shall be just and equitable."

At the outset of the hearing the learned counsel for the Honorable Townsend Scudder suggested that the motion in the form presented be denied, in that it presented an attorney bringing charges against himself and thus becoming his own prosecutor. That counsel also called to our attention that an equitable action had been begun which would present directly and fully the professional conduct of Mr. Wilson, and said that, if nevertheless we thought that charges were necessary, Mr. Justice Scudder himself would present them. Thereupon Mr. Wilson argued orally for the motion and also submitted a brief which, inter alia, contained this statement:

"The only difference between this proceeding and other proceedings of this character is that the petitioner has directed the attention of this court to the charges and has voluntarily appeared in the matter of such charges. * * * This having been done, the proceeding is precisely the same as though the charges had been brought to the attention of this court by some other person or body and the charges had then been served upon the petitioner and he had filed his answer thereto."

And the first point in the brief was:

"This court has the power and it is its duty to investigate charges involving the professional conduct of attorneys."

It was also urged in said brief that:

"The jurisdiction of the court depends upon the existence of the charges, and not upon the manner in which the attention of the court is called to such charges, or the person who brings them to the attention of the court."

And the second point in that brief was:

"This proceeding is broad enough to allow of any new or different charges, or of one or more prosecutors, or of· public hearings."

It is true that Mr. Wilson also stated in the brief that:

"The opinions of Justice Scudder in their entirety containing all of the charges complained of are laid before this court in this proceeding."

The motion was submitted and we took the papers on September 29th. A decision was made and an opinion was handed down on October 10th. When we came to preparation of that opinion, our understanding, both from the oral argument and from the brief of Mr. Wilson, was that he sought inquiry into his professional conduct on which he thought reflection had been cast in a judicial opinion or opinions of a justice of the Supreme Court. Our said opinion, handed down on October 10th, in full is as follows:

"This is an application by an attorney and counselor for inquiry into his own professional conduct of a litigation. The Judiciary Law provides: '2. The Supreme Court shall have power and control over attorneys and counselors at law, and the Appellate Division of the Supreme Court in each department is authorized to censure, suspend from practice or remove from office any attorney and counselor-at-law admitted to practice as such who is guilty of professional misconduct, malpractice, fraud, deceit, crime or misdemeanor, or any conduct prejudicial to the administration of justice.'

"It is our duty, upon presentation of any matter that may or might require discipline of an attorney and counselor, to examine it, and if we determine that it requires investigation to cause the institution of proceedings. Such proceedings contemplate presentation of charges to be delivered to the attorney, to whom must be afforded an opportunity of being heard in his defense.

"We think that the subject-matter justifies such proceedings as are prescribed by the Judiciary Law. The court designates William N. Dykman, Esq., and Stephen C. Baldwin, Esq., to prepare charges in the premises and to report them to this court for its action.

"Any other person who may make known to this court any information touching the conduct of the attorney and counselor in the matter now before us will have his communication considered and acted upon. We appreciate and commend the formal offer of the Brooklyn Bar Association to act or to aid in this matter, but we do not now avail ourselves of its offer, as the petitioner is an officer thereof."

Examination of this opinion shows that we described, discussed, and disposed of the motion as one that dealt only with an investigation of the professional conduct of an attorney, and we supposed that the opinion indicated both purview and limitation. If we had intended to decide that the charges as expressed and characterized in the petition only were to be investigated, then there would have been no need to designate Messrs. Dykman and Baldwin to formulate charges as provided for in the Judiciary Law. And it seemed to us to follow as an inevitable inference that Mr. Justice Scudder was excluded from any relation with the proceeding. He and we are justices of the same Supreme Court. This Appellate Division was and is of opinion that

it had no jurisdiction of scrutiny of him as a judge and could not investigate his judicial opinions or his judicial conduct. This is ancient and familiar law. It is true that by constitutional provision certain members of the said Supreme Court are made a division of that court with appellate jurisdiction, and consequently that division may review on appeal any judicial determination made in the first instance by a member of the Supreme Court; but, so long as such determination is within the general jurisdiction of the Supreme Court, that is the beginning and the end of our jurisdiction over any member of the Supreme Court. We did not for a moment consider that the judicial acts of Mr. Justice Scudder were dictated by any other motive than a sense of his judicial duty irrespective of all other considerations.

We do not understand that there is any complaint against our decision as declared in our said opinion, but against the order only. But the order is controlled by the decision, for it is but intended to express the decision in formal fashion. Although the order was presented by Mr. Wilson after notice of presentation, we think that it should be recast so that it should appear therein affirmatively, and not merely by necessary inference, that this court decided only that it would grant a motion or application for an investigation into the professional conduct of Mr. Wilson as an attorney in the litigation referred to in his petition, and that the court did not grant any motion that looked to an investigation of the opinions of Mr. Justice Scudder. We thought, and we still think, that, irrespective of the language of his petition, Mr. Wilson's quest, as expressed particularly in his oral argument and as indicated in his points, was for inquiry into his own professional conduct, and that he intended to express in his petition the idea that such inquiry would incidentally but necessarily involve the correctness of the statements in the judicial opinions which referred to his professional conduct.

We do not say that the language of the petition, now first complained of, is always temperate or is beyond criticism; but we have concluded, for the present at least, not to pause to consider the expressions, lest we might delay or might complicate an inquiry into the professional conduct of a member of the bar. In this case, at least, procedure should not wait upon phraseology.

The order must be modified so as to express affirmatively our decision and its limitations. The order will be resettled accordingly before the Presiding Justice.